JOANOS, Chief Judge.
Appellant seeks review of his conviction of the offense of delivery without consideration of less than twenty grams of marijuana. The issue is whether fundamental error occurred when the jury was instructed on an offense lesser in degree and penalty than the offense charged in the information. We find no reversible error, and affirm.
Appellant was charged with the third-degree felony of sale or delivery of marijuana for consideration, in violation of section 893.13(l)(a), Florida Statutes. At trial, at the close of the state’s case-in-chief, defense counsel moved for judgment of acquittal, arguing the state had presented insufficient evidence to permit the case to go to the jury. Specifically, defense counsel urged that the state failed to present evidence tying appellant to the marijuana involved in the controlled buy. The trial court found the evidence insufficient to establish that consideration was paid for the marijuana, but concluded the evidence was sufficient to show delivery without consideration. In accordance with these findings, the court ruled that the state’s evidence was sufficient to submit the case to the jury on the reduced charge of delivery without consideration. Defense counsel expressly agreed that the jury would be advised that, pursuant to a ruling by the court, appellant was charged with the first-degree misdemeanor offense of delivery of less than twenty grams of marijuana without consideration.
At the close of the defense case, without additional argument, defense counsel again moved for judgment of acquittal. The motion was denied. No special jury instructions were requested, and no objection was raised to the trial court’s instruction on the reduced charge of delivery of marijuana without consideration nor was any argument made that the reduced charge was not encompassed by the information. The jury returned a verdict of guilty as charged of delivery of marijuana. Appellant’s motion for new trial was denied, and he was sentenced to a one-year term of incarceration.
*337 Appellant contends that because delivery without consideration of less than twenty grams of marijuana is not a lesser included offense of the charged offense of sale of marijuana under section 893.13(l)(a), Florida Statutes, the jury instruction given in this case constituted fundamental error, requiring reversal of his conviction. The state counters that delivery without consideration is a permissive lesser included offense of sale or delivery of marijuana, defense counsel affirmatively agreed to the jury instruction on the lesser offense, and did not object to the instruction given.
Contrary to appellant’s assertion, delivery of less than twenty grams of cannabis pursuant to section 893.13(l)(g), is a category 2 permissive lesser included offense of sale or delivery for consideration of cannabis, under section 893.13(l)(a), as charged in the information. See Fla.Std. Jury Instr. (Crim.), Schedule of Lesser Included Offenses, at 300 (3/89). The convicted offense is a first-degree misdemeanor, an offense lesser in degree and penalty than the third-degree felony charged in the information. In Ray v. State, 403 So.2d 956, 961 (Fla.1981), in the context of an erroneous jury instruction, the supreme court held:
[I]t is not fundamental error to convict a defendant under an erroneous lesser included charge when he had an opportunity to object to the charge and failed to do so if: 1) the improperly charged offense is lesser in degree and penalty than the main offense or 2) defense counsel requested the improper charge or relied on that charge as evidenced by argument to the jury or other affirmative action. Failure to timely object precludes relief from such a conviction.
In this case, appellant was charged by information with sale or delivery of cannabis for consideration, in violation of section 893.13(l)(a), Florida Statutes, a third-degree felony. He was convicted of the first-degree misdemeanor of delivery of less than twenty grams of cannabis without consideration, a violation of section 893.-13(l)(g), an offense lesser in degree and penalty than the initially charged offense. The record reflects that defense counsel expressly agreed with the court’s announced intent to advise the jury that appellant was being tried on the charge of delivery of less than twenty grams of marijuana without consideration, and neither objected to the instruction given, nor requested an instruction. In addition, defense counsel’s closing argument implicitly affirmed the propriety of the jury instruction, by arguing the insufficiency of the evidence to establish that appellant committed the offense of delivery without consideration of less than twenty grams of cannabis. Appellant, in effect, agreed to be tried on the lesser offense, and argued the merits of the lesser offense to the jury. In the circumstances, no basis for reversal of the conviction has been shown.
Accordingly, the conviction and sentence are affirmed.
ZEHMER and WOLF, JJ., concur.